# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JOSEPH MICHAEL JUNG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:08-CV-659 CAS |
| ) | |
| ST. CHARLES COUNTY DEPARTMENT ) | |
| OF CORRECTIONS, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of Joseph Michael Jung (registration no. 169522), an inmate at the Crossroads Correctional Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $29.07. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C.

§ 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $52.92, and an average monthly balance of $145.39. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $29.07, which is 20 percent of plaintiff's average monthly balance.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## The Complaint

Plaintiff brings this action for the violation of his constitutional rights under 42 U.S.C. § 1983. In addition, he asserts state tort claims for assault. Named as defendants are the St. Charles County Department of Corrections, Alan B. Stahl (Director), Unknown Preas (Sergeant), Unknown Deason (Corporal), Dallas Jones (Officer), Unknown Shanks (Officer), Unknown Shah (Doctor), and Unknown Rico (Nurse). The complaint seeks monetary, declaratory and injunctive relief.

Plaintiff alleges that while confined at the St. Charles Department of Corrections, he was assaulted by defendants Jones and Deason and denied adequate medical care by defendants Shah and Rico. He claims that defendant Stahl failed to properly train, screen, and supervise employees at the St. Charles County Detention Center, and that defendants Shanks and Preas[1] failed to intervene and prevent defendant Jones from assaulting another inmate, Andrew Smithey.

## Discussion

Having carefully reviewed the complaint, the Court concludes that the St. Charles County Department of Corrections is not a suable entity under § 1983, and thus, this action is legally frivolous as to said defendant. See Ketchum v. City of West Memphis, Ark., 974 F.2d 81, 81 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such"). In addition, the complaint is legally frivolous as to defendants Shanks and Preas, because plaintiff's allegations as to these defendants fail to state a claim with regard to the violation of plaintiff's constitutional rights, and plaintiff lacks standing to bring any claims on behalf of inmate Andrew Smithey.

---

[1]The Court will liberally construe plaintiff's allegations regarding "Sgt. Peason" as claims against defendant Unknown Preas.

3

Moreover, the complaint is silent as to whether defendants have been sued in their official or individual capacities. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Official-capacity suits are tantamount to suits directly against the public entity of which the official is an agent. Kentucky v. Graham, 473 U.S. 159, 166 (1985). To state a claim against a public entity or a government official in his or her official capacity, plaintiff must allege that a policy or custom of the public entity was responsible for the alleged constitutional violation. Brandon v. Holt, 469 U.S. 464, 473 (1985); Monell v. Department of Social Services of City of New York, 436 U.S. 658, 690-91 (1978). Plaintiff does not allege that any governmental policy or custom was responsible for the alleged constitutional violations. For these reasons, the complaint is legally frivolous and fails to state a claim under 42 U.S.C. § 1983 and will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Because plaintiff's federal claims will be dismissed, all remaining pendent state claims should be dismissed as well, without prejudice. See 28 U.S.C. § 1367(c)(3); United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966) (if federal claims are dismissed before trial, remaining state claims should also be dismissed); Hassett v. Lemay Bank & Trust Co., 851 F.2d 1127, 1130 (8th Cir. 1988) (where federal claims have been dismissed, district courts may decline jurisdiction over pendent state claims as a "matter of discretion").

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. [Doc. 2]

4

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $29.07 within thirty (30) days of "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and fails to state a claim upon which relief can be granted.

An appropriate Order of Dismissal will accompany this Memorandum and Order.

　

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  29th  day of May, 2008.